

EOD
09/04/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

In re: §
 §
LYNNE DUGGAN, § Case No. 17-41190
 § (Chapter 13)
Debtor. §

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***

This matter is before the Court on a motion by the debtor, Lynne Duggan, to proceed *in forma pauperis* with an appeal from the order denying confirmation and dismissing her case [Dkt. No. 65], the order denying her motion to vacate the dismissal [Dkt. No. 70], and the order denying her motion for an extension of time to file a notice of appeal [Dkt. No. 71]. In her present motion, the debtor requests to proceed with her appeal without paying the statutory filing fee and costs associated with an appeal. She also appears to request free transcripts relating to her appeal.

**DISCUSSION**

An appeal from a final order of a bankruptcy court is taken in the same manner as appeals from federal district courts. *See* 28 U.S.C. § 158(c)(2). Title 28 U.S.C. § 1915 governs proceedings taken *in forma pauperis*. Federal courts may authorize the maintenance of an appeal without prepayment of fees and costs if a person shows, by affidavit, that "the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). The supporting affidavit must state the facts of the affiant's poverty with "some particularity, definiteness and certainty." *U.S. v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citation omitted). The statute also authorizes courts to dismiss an *in forma pauperis* action if the allegation of poverty is untrue or if the action

1

or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). However, courts exercise leniency when construing applications to proceed *in forma pauperis* filed by individuals who are acting *pro se*. *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990); *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C. Cir. 1981) (per curiam).

With respect to transcripts, "[e]ach reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference." 28 U.S.C. § 753(f) However, fees for transcripts in civil cases shall be paid by the United States to persons permitted to appeal *in forma pauperis* if the trial judge certifies that the appeal is not frivolous. 28 U.S.C. § 753(f) (requiring the trial judge to certify "that the appeal is not frivolous (but presents a substantial question)"). This Court's Local Bankruptcy Rules provide that

> A designation of record filed by any party must include the docket entry number and the filing or entry date for each item to be included in the appellate record. Payment must be made for all transcripts or copies prior to inclusion in the record.

LBR 8006-1 (Record and Issues on Appeal). Thus, this Court is the proper forum to consider the Debtor's apparent request for free transcripts.

**Ability to Pay**

The debtor submitted a declaration in support of her motion to proceed with her appeal *in forma pauperis*. *See* 28 U.S.C. § 1746 (providing for the use of declarations in lieu of affidavits in cases involving federal laws); FED. R. APP. P. 24(a)(1) (proscribing the contents of an affidavit or declaration supporting an *in forma pauperis* request). In her declaration, which appears to be a form from state court, the debtor represents that

she is a single woman earning a net income of $934 per month from disability benefits, which she expects to rise to $1,564 per month at some point in the future. The debtor lists a housing expenses totaling $482 per month. In addition, in her bankruptcy schedules filed on July 11, 2017, the Debtor lists expenses of $100 per month for her telephone, $500 for food and housekeeping, $50 for clothing and $20 for personal care products.

Having evaluated the totality of the debtor's circumstances, the Court concludes that the debtor has demonstrated that she lacks the ability, at present, to pay the statutory filing costs of an appeal. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("Section 1915 is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs."). The specific fees and costs at issue total only $255.00. *See* 28 U.S.C. §§ 1930(b) (authorizing the Judicial Conference of the United States to prescribe fees) and 1930(c) (specifically providing for a $5 assessment upon the filing of any notice of appeal). *See also* Judicial Conference Schedule of Fees, at no. 14, reprinted in 28 U.S.C. § 1930. It appears that the debtor lacks sufficient monthly income to pay this amount or to purchase transcripts in support of her appeal.

**Frivolous Nature of the Appeal**

Ordinarily, a request for leave to proceed *in forma pauperis* must first be made to the trial court, and an appeal may not be taken if the trial court certifies in writing that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).[1] "Good faith" is

---

[1] Further, the appellate court may dismiss the case at any time sua sponte, and notwithstanding the payment of fees, if the appellate court determines that the appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

3

demonstrated when a party seeks appellate review of any issue "not frivolous." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States,* 369 U.S. 438 (1962)). An action is frivolous when it lacks an arguable basis either in law or fact, *see Neitzke v. Williams,* 490 U.S. 319, 325 (1989), or if the plaintiff appears to have "little or no chance of success," *see Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993).

Turning to the facts of this case, the debtor resides in a condominium unit in Pottsboro, Texas. Since early 2012, the debtor has been engaged in a dispute with the Tanglewood Villa Owner's Association, Inc. (the "Tanglewood HOA") over problems with sewage backing up into her unit. The debtor stopped making monthly dues payments to Tanglewood HOA in February 2012. Tanglewood HOA obtained a "Judicial Foreclosure Judgement" on June 20, 2016. Tanglewood HOA eventually cut off the water to the debtor's unit as a result of non-payment.

The debtor filed a chapter 13 petition on July 2, 2017. She requested two extensions of time to file the schedules, statements, and other documents required by the Bankruptcy Code, which the Court granted. The debtor filed all of the then-required documents as well as a proposed plan of reorganization on July 11, 2017.

The debtor's proposed plan provided that she would pay a pre-petition arrearage claim in the amount of $8,000 to Tanglewood HOA. The proposed plan further provided that the debtor would make her ongoing dues payments directly to Tanglewood HOA. Tanglewood HOA objected to confirmation, arguing that its claim had been reduced to a judgment in the amount of $51,336.09 prior to the debtor's bankruptcy and was secured by a continuing lien on the condominium unit where the debtor lives.

Section 1324(b) of the Bankruptcy Code requires chapter 13 confirmation hearings to be held between 20 and 45 days after the § 341 meeting date. This time frame was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109–8, 119 Stat. 23 (Apr. 20, 2005). The policy reflected in that amendment is to insure a speedy chapter 13 plan confirmation. *In re Williams,* 385 B.R. 468, 473 (Bankr. S.D. Ga. 2008) and *In re Gonzalez,* 372 B.R. 837, 842 (Bankr. W.D. Tex. 2007).

Thus, the Court set the debtor's proposed plan for a confirmation hearing on October 4, 2017. The Court continued the hearing to November 15, 2017, at the parties' request. The Court continued the November 15th hearing to November 29, 2017, at the parties' request. At the November 29th hearing, the Court denied confirmation of the debtor's proposed chapter 13 plan.

On December 4, 2017, the debtor objected to Tanglewood HOA's claim. The debtor asserted that the amount of the claim should be offset "due to denial of water and due to sewage gas that permeated the condominium" and that Tanglewood HOA's claim should be allowed in the amount of no more than $8,000. The debtor filed an amended chapter 13 plan on December 12, 2017, wherein she requested avoidance of Tanglewood HOA's lien on her condominium unit.

The Court scheduled the debtor's amended plan for a confirmation hearing on January 31, 2018. On January 31, 2018, the Court continued the confirmation hearing to April 18th at the parties' request. On April 18, 2018, the Court continued the confirmation hearing to May 2nd at the parties' request. On May 2, 2018, the Court

continued the confirmation hearing to June 18th at the parties' request. In the meantime, on June 14, 2018, the Court entered an order allowing the debtor's attorney to withdraw.

On June 15, 2018, the debtor filed a motion to continue the confirmation hearing so that she could obtain new counsel to represent her. The debtor appeared for the continued confirmation hearing on June 18, 2018. In light of the many prior continuances, as well as the fact that her attorney's motion to withdraw was pending for several months before it was granted, the Court denied the debtor's motion.

With respect to confirmation of the debtor's proposed amended chapter 13 plan, the debtor failed to file Local Bankruptcy Form 3015-c, which is a "Declaration of Debtors under Penalty of Perjury Regarding Status of Post-Petition Obligations as of Chapter 13 Plan Confirmation Hearing," prior to the June 18th confirmation hearing. This Court's LBR 3015-1(e) requires a debtor to file Form 3015-c no later than seven days prior to a confirmation hearing. In addition, according to the chapter 13 trustee, the debtor was behind several payments to the chapter 13 trustee. *See* 11 U.S.C. § 1326(a)(1) (generally requiring a debtor to commence plan payments no later than 30 days after filing a plan in the amount proposed by the plan). The Court concluded that the debtor had failed to present sufficient evidence that her proposed plan was feasible as required by 11 U.S.C. § 1325(a)(6). *See In re Day*, 292 B.R. 133, 137 (Bankr. N.D. Tex. 2003); *In re Dickerson*, 232 B.R. 894, 897 (Bankr. E.D. Tex. 1999).

Ample cause existed to deny confirmation and dismiss the debtor's case. The debtor had been in bankruptcy for more than a year, she had enjoyed the benefit of numerous continuances of the hearings scheduled to consider confirmation of her proposed chapter 13 plans, she had failed to file required documents, she did not have a

feasible plan on file, and she was in arrears on her required payments to the chapter 13 trustee. The debtor has not established or even alleged "that a fair probability of success on the merits [would] exist[ ] if the [dismissal order] were to be set aside." *Federal Sav. and Loan Ins. Corp. v. Kroenke,* 858 F.2d 1067, 1069 (5th Cir. 1988). The Court concludes that, in these circumstances, the debtor's appeal is not taken in good faith, and the purpose of 28 U.S.C. § 1915 would not be served by granting the debtor's request to proceed with her appeal *in forma pauperis.*

**IT IS THEREFORE ORDERED** that the debtor's motion to proceed with her appeal *in forma pauperis* [Dkt. No. 75] is hereby **DENIED**.

Signed on 9/4/2018

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE